# EXHIBIT "A"

## Citation for Personal Service – RESIDENT

Cause Number: <u>2015CCV-61944-4</u>

### THE STATE OF TEXAS

COPY

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: UV Logistics, LLC
By Serving Its Registered Agent
Corporation Service Company
211 E 7th Street Suite 620
Austin Tx 78701
the Defendant,

DELIVERED
9/24/15
By Tmp Scit 11266
Austin Process, LLC

GREETING: You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition And Requests For Disclosure; Civil Case Information Sheet** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Mark H. Woerner, County Court at Law No. 4** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Plaintiff's Original Petition was filed on the 8th day of September, 2015. A copy of same accompanies this citation.

The file number of said suit being Number: 2015CCV-61944-4

The style of the case is: **Jorge L Avila-Isarraras vs. UV Logistics, LLC, Ernest Benjamin**

Said Plaintiff's Original Petition was filed in said court by **Omar S Rivero**, attorney for Plaintiff, whose address is 521 Star Corpus Christi Tx 78401.

The nature of the demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 9th day of September, 2015.

ANNE LORENTZEN, District Clerk
901 Leopard
Corpus Christi, Texas 78401
Nueces County, Texas

_Laura Salinas_ DEPUTY
LAURA SALINAS

2015CCV-61944-4

## RETURN OF SERVICE

JORGE L AVILA-ISARRARAS
VS.
UV LOGISTICS, LLC, ERNEST BENJAMIN

COUNTY COURT AT LAW NO. 4

Name _____

ADDRESS FOR SERVICE
Uv Logistics LLC
By Serving Its Registered
Agent Corporation Service
Company 211 E 7th Street
Suite 620 Austin Tx 78701

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ___ . m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Fees:
Serving Petition and Copy   $_____
Total                        $_____

_____, Officer
_____, County, Texas
By _____, Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
 (First, Middle, Last)

address is _____
 (Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 20___.

Declarant / Authorized Process Server

ID# & Expiration of Certification

Filed
9/8/2015 4:47:14 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2015CCV-61944-4

| | | |
|---|---|---|
| JORGE L. AVILA-ISARRARAS, | § | IN THE COUNTY COURT |
| Plaintiff, | § § § | |
| v. | § § | |
| UV LOGISTICS, LLC, and ERNEST BENJAMIN, | § § § | AT LAW NO. _____ |
| Defendants. | § § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Jorge L. Avila-Isarraras, and files this his "Plaintiff's Original Petition and Requests for Disclosure" complaining of UV LOGISTICS, LLC d/b/a UNITED VISION LOGISTICS, and ERNEST BENJAMIN, Defendants, and for his causes of action would respectfully show unto the Court as follows

### I.  DISCOVERY LEVEL

1. Discovery shall be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.  PARTIES

2. Plaintiff Jorge AVILA-ISARRARAS is an individual residing in Corpus Christi, Nueces County, Texas.

3. Defendant UV LOGISTICS, LLC, (hereinafter "UV LOGISTICS, LLC"), is an entity doing business in the State of Texas, and may be served by serving its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

4. Defendant ERNEST BENJAMIN (hereinafter "BENJAMIN"), is a resident of Lafayette County, Louisiana, and may be served at 211 Becky Lane, Lafayette, LA 70508.

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 1 of 11

### III. VENUE AND JURISDICTION

5. Venue is proper in this Court pursuant to Texas Civil Practice & Remedies Code §15.002(a)(1) as the event giving rise to the claim occurred in Nueces County, Texas.

6. The subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because at least one Defendant does business in the State of Texas.

### IV. FACTS OF THE INCIDENT

7. On, or about, December 14, 2014, Plaintiff AVILA-ISARRARAS was the operator of a motor vehicle which was traveling southbound on North Padre Island Drive, near its intersection with Agnes Street in Corpus Christi, TX.

8. Defendant BENJAMIN was the operator of a tractor-trailer unit traveling southbound on North Padre Island Drive, near its intersection with Agnes Street in Corpus Christi, TX.

9. Defendant BENJAMIN while in the process of improperly turning from North Padre Island Drive onto Agnes Street caused the tractor-trailer unit he was driving and operating to violently and without warning collide with the motor vehicle operated by Plaintiff AVILA-ISARRARAS.

10. Due to the incident described above, Plaintiff AVILA-ISARRARAS has sustained serious personal injuries and damages as more fully set forth herein and as will be further revealed through the discovery and the litigation of this matter.

11. At the time of the collision in question, Defendant BENJAMIN was operating, driving, and/or otherwise entrusted with a tractor-trailer unit owned or otherwise under the control of Defendant UV LOGISTICS, LLC.

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 2 of 11

12. At the time of the collision in question, Defendant BENJAMIN was in the course and scope of his employment with Defendant UV LOGISTICS, LLC.

13. Defendant UV LOGISTICS, LLC, knew or should have known that Defendant BENJAMIN was an incompetent or reckless driver and/or person before hiring him or entrusting their vehicle to him.

14. Defendant UV LOGISTICS, LLC, failed to properly train or supervise Defendant BENJAMIN in the safe or reasonably prudent operation of a motor vehicle, to wit the tractor-trailer unit.

15. Each of these above acts by Defendants UV LOGISTICS, LLC, and of Defendant BENJAMIN whether of commission or omission, whether taken singularly or in any combination, constitute negligence and gross negligence, or other cause of action as set forth herein or as will be revealed through the discovery and the litigation of this matter. Each of these above acts of commission or omission, whether taken singularly or in any combination, proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff AVILA-ISARRARAS has suffered and which Plaintiff AVILA-ISARRARAS will continue to suffer in the future, if not for the remainder of his natural life.

V. **CAUSES OF ACTION**

### NEGLIGENCE
(Jorge L. Avila-Isarraras v. Ernest Benjamin)

16. Plaintiff AVILA-ISARRARAS hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

17. The occurrence made the basis of this suit, as discussed above, and the resulting injuries and damages of Plaintiff AVILA-ISARRARAS, as discussed herein, were proximately caused by the negligent conduct, whether through acts of commission or omission and whether

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 3 of 11

taken singularly or in any combination, of Defendant BENJAMIN. Defendant BENJAMIN operated the motor vehicle in a negligent manner because he violated the duty which he owed Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

    a. in failing to maintain a proper lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

    b. in failing to drive within a single lane;

    c. in improperly turning the tractor-trailer unit across a lane of traffic for which motor vehicles were designated to travel straight;

    d. in failing to apply or to timely apply brakes on the tractor-trailer unit in order to avoid the collision in question;

    e. in failing to turn or swerve to avoid the collision;

    f. in failing to sound his horn to warn of imminent danger; and

    g. in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

### NEGLIGENCE PER SE
(Jorge L. Avila-Isarraras v. Ernest Benjamin)

18. Plaintiff AVILA-ISARRARAS hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

19. The actions of Defendant BENJAMIN as described above, whether taken singularly or in any combination, constitute failures to exercise the mandatory standard of care for, and are violations of, the following sections of the Texas Transportation Code:

    a. Texas Transportation Code § 545.060(a)(1)-(2) - An operator on a roadway divided into two or more clearly marked lanes for traffic: shall drive as

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 4 of 11

nearly as practical entirely within a single lane; and may not move from the lane unless that movement can be made safely.

b. Texas Transportation Code § 545.401 - A person commits an offense [of reckless driving] if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property.

20. Plaintiff AVILA-ISARRARAS is within the class of persons the above referenced laws are designed to protect and his injuries and damages are of the type the above referenced laws are designed to prevent.

21. The above referenced laws are laws for which tort liability may be imposed when violated;

22. Defendant BENJAMIN violated the above referenced laws without excuse; and

23. Defendants BENJAMIN's acts, whether of commission or omission, whether taken singularly or in any combination, proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff AVILA-ISARRARAS has suffered and which Plaintiff AVILA-ISARRARAS will continue to suffer in the future, if not for the remainder of his natural life.

24. Therefore, the violation of the foregoing laws by Defendant BENJAMIN constitute negligence per se.

## GROSS NEGLIGENCE
(Jorge L. Avila-Isarraras v. Ernest Benjamin)

25. Plaintiff AVILA-ISARRARAS hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

26. Defendant BENJAMIN's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant BENJAMIN's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff AVILA-

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 5 of 11

ISARRARAS. Defendant BENJAMIN had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff AVILA-ISARRARAS or others similarly situated.

## RESPONDEAT SUPERIOR
### (Jorge L. Avila-Isarraras v. Ernest Benjamin)

27. Plaintiff AVILA-ISARRARAS hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

28. Defendant UV LOGISTICS, LLC, is negligent under the theory of respondeat superior in that Defendant BENJAMIN was acting within the course and scope of his employment and/or agency with Defendant UV LOGISTICS, LLC, at the time of the incident and at all times relevant to this matter.

29. Therefore, Defendant UV LOGISTICS, LLC, is responsible for the actions of Defendant BENJAMIN, whether of commission or omission, whether taken singularly or in any combination, which constitute negligence, negligence *per se*, and gross negligence and which proximately caused the collision and Plaintiff AVILA-ISARRARAS's injuries, damages, and other losses as set forth herein.

## NEGLIGENT HIRING / SUPERVISION / RETENTION / TRAINING / ENTRUSTMENT
### (Jorge L. Avila-Isarraras v. UV Logistics, LLC)

30. Plaintiff AVILA-ISARRARAS hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

31. Defendant UV LOGISTICS, LLC, negligent in one or more of the following aspects in regard to Defendant BENJAMIN or to any other individuals, employees, agents or personnel acting upon their direction and/or instruction and/or under their control or who assumed use of the motor vehicle in question by permission, whether express or implied:

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 6 of 11

   a. negligent hiring;

   b. negligent supervision;

   b. negligent retention;

   d. negligent training;

   e. negligent entrustment;

   f. negligent contracting; and

   g. negligent maintenance.

## GROSS NEGLIGENCE
(Jorge L. Avila-Isarraras v. UV Logistics, LLC)

32. Plaintiff AVILA-ISARRARAS hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

33. The negligent conduct of Defendant UV LOGISTICS, LLC, was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff AVILA-ISARRARAS. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff AVILA-ISARRARAS or others similarly situated.

## VI. CAUSATION AND DAMAGES

34. Plaintiff AVILA-ISARRARAS hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

35. Each of the above acts and/or omissions on the parts of Defendants, whether taken singularly or in any combination, proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff AVILA-ISARRARAS suffered and which

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 7 of 11

Plaintiff AVILA-ISARRARAS will continue to suffer in the future, if not for the remainder of his natural life.

36. By reason of all the above, Plaintiff AVILA-ISARRARAS has suffered losses and damages in a sum within the jurisdictional limits of this Court, and for which he now brings these causes of action.

37. As a direct and proximate result of the negligence of Defendants, Plaintiff AVILA-ISARRARAS suffered severe bodily injuries to his neck, back, and other parts of his body generally. Plaintiff AVILA-ISARRARAS's body was bruised, battered and contused and he suffered great shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff AVILA-ISARRARAS's health and well-being. Some of the effects are permanent and will abide with Plaintiff AVILA-ISARRARAS for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused Plaintiff AVILA-ISARRARAS's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff AVILA-ISARRARAS to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, Plaintiff AVILA-ISARRARAS suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

38. Plaintiff AVILA-ISARRARAS has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 8 of 11

customary charges made for such services in the County where they were incurred. There is a reasonable probability that Plaintiff AVILA-ISARRARAS will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

39. As such, Plaintiff AVILA-ISARRARAS seeks to recover the following damages as a result of the incident in question:

   a. physical pain and mental anguish sustained in the past;
   b. physical pain and mental anguish that, in reasonable probability, Plaintiff AVILA-ISARRARAS will sustain in the future;
   c. disfigurement sustained in the past;
   d. disfigurement that, in reasonable probability, Plaintiff AVILA-ISARRARAS will sustain in the future;
   e. physical impairment sustained in the past;
   f. physical impairment that, in reasonable probability, Plaintiff AVILA-ISARRARAS will sustain in the future;
   g. medical care expenses incurred in the past;
   h. medical care expenses that, in reasonable probability, Plaintiff AVILA-ISARRARAS will incur in the future;
   i. loss of wages and income;
   j. loss of earning capacity; and
   k. exemplary damages.

40. Plaintiff AVILA-ISARRARAS seeks monetary relief in an amount over $1,000,000.00.

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 9 of 11

### VII. INTEREST

41. Plaintiff AVILA-ISARRARAS is entitled to recover all pre-judgment and post-judgment interest as allowed by law.

### VIII. RULE 47 NOTICE

42. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff pleads an amount in damages in excess of $1,000,000.00.

### IX. JURY DEMAND

43. Plaintiff AVILA-ISARRARAS demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

### X. USE OF DOCUMENTS PRODUCED IN DISCOVERY

44. Plaintiff hereby gives notice of intention to use items produced by all parties in discovery at any pretrial proceeding or at trial of this matter and the authenticity of such items is self-proven pursuant to Rule 193.7 of The Texas Rules of Civil Procedure.

### XI. REQUESTS FOR DISCLOSURE

45. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose within fifty (50) days after service of the citation and petition, the information or material described in each section of Rule 194.2 of The Texas Rules of Civil Procedure.

### XII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff AVILA-ISARRARAS requests that Defendants BENJAMIN and UV LOGISTICS, LLC, be cited to appear and answer, and on final trial hereafter, Plaintiff AVILA-ISARRARAS have judgment against Defendants BENJAMIN and UV LOGISTICS, LLC, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 10 of 11

and further relief to which Plaintiff AVILA-ISARRARAS may be justly entitled by law and equity.

Respectfully submitted,

THE LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, TX 78401
Phone: (361) 985-0600
Fax: (361) 985-0601

*/s/ Omar S. Rivero*
Thomas J. Henry
State Bar No. 09484210
Omar S. Rivero
State Bar No. 16958150
orivero@tjhlaw.com
Wesley R. Vasquez
State Bar No. 24090448
wvasquez@tjhlaw.com
*Attorneys For Plaintiff*

\*E-Service: orivero-svc@tjhlaw.com
\*Service by email to this address only

*Jorge L. Avila-Isarraras v. UV Logistics, LLC, and Ernest Benjamin*
Plaintiff's Original Petition and Requests for Disclosure
File No. 14-014699

Page 11 of 11

Filed
9/29/2015 4:38:59 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2015CCV-61944-4

| | | |
|---|---|---|
| JORGE L. AVILA-ISARRARAS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NO. 4 |
| | § | |
| | § | |
| UV LOGISTICS, LLC and | § | |
| ERNEST BENJAMIN | § | NUECES COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT, UV LOGISTICS, LLC TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, UV LOGISTICS, LLC ("UVL"), and files its Original Answer in response to the Original Petition of Plaintiff, JORGE L. AVILA-ISARRARAS, as follows:

1. Defendant generally denies each and every, all and singular, the allegations in the Plaintiff's Petition, pursuant to Rule 92 of the *Texas Rules of Civil Procedure* and demands strict proof thereof.

2. Defendant hereby demands trial by jury in this cause on all issues triable by jury.

WHEREFORE, Defendant, UV LOGISTICS, LLC respectfully prays that Plaintiff's cause of action be dismissed with prejudice and that Plaintiff takes nothing against Defendant by reason of this action, and that Defendant further recover all costs, litigation expenses and attorney's fees expended herein and be granted all further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

FROCK & BROUSSARD, P.C.

By:/s/ M. David Frock
M. DAVID FROCK
2015 Crocker Street
Houston, Texas 77006
(713) 688-2300
(713) 688-2377 FAX
State Bar No. 07484800
ATTORNEY FOR DEFENDANT,
UV LOGISTICS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via facsimile transmission to all counsel of record on this 29th day of September, 2015.

/s/ M. David Frock
M. DAVID FROCK